IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10285
Conference Calendar
_____


ALMOND KING,

                                        Plaintiff-Appellant,

versus

CITY OF GARLAND, TX, and
A AFFORDABLE INSURANCE COMPANY,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-832-X
- - - - - - - - - - -

August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Almond King appeals the dismissal of his civil rights suit
as time barred.  He argues in conclusional terms that the
district court failed to consider when he discovered that his
automobile had been auctioned off or when he discovered that the
insurance company had been notified.  King does not allege when
he discovered the alleged deprivation.

---

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

"[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because there is no federal statute of limitations for civil rights actions, the Texas general personal-injury limitations period of two years applies. Id. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. at 257. A plaintiff need not know that his constitutional rights were violated to have a cause of action accrue, he must simply be in possession of the "critical facts" that he had been injured and that the defendant was involved. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

The alleged deprivation of King's property occurred in 1991. According to a document submitted by King with his objections to the magistrate judge's report and recommendation, King was notified on September 13, 1991, of the sale of his vehicle at auction and had contacted A-Affordable about this matter through his attorney as early as May 1991. King's complaint was signed January 31, 1994, but was filed on April 26, 1994. The district court did not abuse its discretion in finding that King was in possession of the critical facts regarding his alleged injury more than two years before suit was filed.

To the extent that King argues that his incarceration tolls the running of the statute of limitations, this argument lacks merit. Under applicable Texas law, the statute of limitations is

not tolled by a party's incarceration.  Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 1992) (effective September 1, 1987).

The dismissal of King's complaint as frivolous is AFFIRMED.